[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11386
Non-Argument Calendar
_____

D.C. Docket No. 0:20-cv-60163-RKA


CHARLENE WALKER ROSA,

Plaintiff-Appellant,

versus

MICHAEL J. SATZ,
BROWARD COUNTY STATE ATTORNEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 8, 2021)

Before JILL PRYOR, LUCK, and BRASHER, Circuit Judges.

PER CURIAM:

Charlene Walker Rosa, a Florida prisoner proceeding *pro se*, appeals the

district court's dismissal of her amended complaint filed under 42 U.S.C. § 1983.

Rosa argues that the district court erred in determining that her claim was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because her criminal conviction had not been invalidated. Upon consideration, we conclude that Rosa's arguments lack merit. Accordingly, we affirm.

## I. BACKGROUND

Rosa was convicted of first-degree murder in 2007. In 2020, Rosa filed a *pro se* complaint under 42 U.S.C. § 1983 in federal district court *in forma pauperis* and filed an amended complaint soon after. In the amended complaint, she asserted claims against the county state attorney and her state public defender for fraud, malicious prosecution, and "protection against double jeopardy." Specifically, she alleged that the attorneys had acted in concert to prevent her from receiving a fair trial. The district court dismissed the amended complaint for failure to state a claim for which relief could be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the district court reasoned that *Heck v. Humphrey*, 512 U.S. 477 (1994), barred Rosa's fraud claim because it would necessarily invalidate her conviction. Rosa timely appealed.

## II. STANDARD OF REVIEW

"We review dismissal under § 1915(e)(2)(B)(ii) de novo and view the allegations in the complaint as true." *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). "The standards governing dismissals under [Federal] Rule [of Civil

2

Procedure] 12(b)(6) apply to § 1915(e)(2)(B)(ii)." *Id.*

## III. DISCUSSION

Under Section 1915(e)(2)(B)(ii), a district court shall dismiss a case proceeding *in forma pauperis* if the court determines at any time that the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). We construe *pro se* pleadings liberally and hold them "to a less strict standard than pleadings filed by lawyers." *Alba*, 517 F.3d at 1252. But "we cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). And "[w]e can affirm the district court's judgment on any ground supported by the record— even if that ground was not considered or advanced in the district court." *United States v. Muho*, 978 F.3d 1212, 1219 (11th Cir. 2020) (cleaned up).

"Section 1983 provides a cause of action against any person who, 'under color of' state law, deprives another of her 'rights, privileges, or immunities secured by the Constitution.'" *Harper v. Prof'l Prob. Servs. Inc.*, 976 F.3d 1236, 1240 (11th Cir. 2020) (quoting 42 U.S.C. § 1983). However, a Section 1983 complaint cannot be used to collaterally attack a conviction unless the underlying conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 487 (citation omitted).

3

Consequently, the district court must consider whether a favorable judgment for the plaintiff would "necessarily imply the invalidity of [her] conviction or sentence . . . ." *Id.* "[I]f it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated" in one of the ways described above. *Id.* If the plaintiff cannot demonstrate the invalidity of her outstanding criminal judgment, then the Section 1983 action cannot proceed. *See id.*

Rosa argues that the district court erred in dismissing her claims, but her arguments fail for two reasons.

First, *Heck* bars Rosa's claims in her amended complaint because they stem from her underlying 2007 conviction. For her fraud claim, Rosa alleges that the prosecution and defense conspired to commit fraud in order to wrongfully convict her of murder. She concludes from that alleged conspiracy that her counsel was deficient, which "renders the result of the trial unreliable and the proceedings fundamentally unfair and result[s] in a miscarriage of justice in the criminal proceedings." Thus, her fraud claim necessarily implies the invalidity of her conviction. But because Rosa has not demonstrated that her conviction has already been invalidated, her claim is barred by *Heck*.

Second, even if *Heck* barred only the fraud claim and not the entire amended complaint, Rosa's remaining claims are barred by the statute of limitations. Even liberally construing her claims as claims for assault, battery, false arrest, malicious

4

prosecution, malicious interference, or discrimination, those claims are barred by the relevant statutes of limitations. *See* Fla. Stat. §§ 760.01–760.11 (prohibiting various forms of discrimination) and § 95.11(3)(f) and (o) (prescribing a four-year statute of limitations for actions "founded on a statutory liability" and "for assault, battery, false arrest, malicious prosecution, malicious interference, false imprisonment, or any other intentional tort," except in limited instances not applicable to the instant case). The district court therefore did not err in dismissing the amended complaint.

## IV. CONCLUSION

For the foregoing reasons, we **AFFIRM**.